Besides the reasons given by my brother Pearson for affirming the judgment, there are others which render it plain that the counts in question ought not to be suffered to remain in the declaration.
There is no instance in which a count on the demise (352) of a person who was dead at the time of bringing suit has been sustained; and it is contrary to reason that it should be.
If there were a verdict for the plaintiff on those counts, who could be put into possession under it? Very clearly, the lessors *Page 242 
of the plaintiff in the other counts could not; for the titles of the several lessors in the different counts are distinct and independent, and hence the necessity of laying the various demises in different counts. It is true, indeed, if a lessor of the plaintiff die pending the action, that does not affect the proceeding, but the case goes on to trial on the demise to the plaintiff, which the lessor, since dead, was capable of making as it is laid, and when the suit was brought. In such a case, therefore, there can be no difficulty in permitting the lessor's heirs or devisees, on a title thus accruing pendente lite, to proceed in the name of the plaintiff of record to execution. But that can never authorize a person to bring a suit on the supposed demise of a person who was dead at the time, instead of doing so on his own. If the person actually instituting the action have a connection with the dead person, he must have derived his title or claim from him before the suit was brought; and therefore there is no occasion for using the dead man's name, instead of his own, or in addition to it. If, on the other hand, he cannot deduce title from the dead person, upon what possible ground can he assume to use his name to disturb the party in possession, who has the right to continue in possession against all but the real owner? It is obvious, indeed, if the other lessors of the plaintiff could recover and take possession under the imaginary demises of the dead persons, that the present defendant would then have just the same right to bring suit immediately against those other parties, on the demises of the same dead persons, and, thus, in turn evict them. The absurdity of such a seesaw shows (353) the impossibility of allowing such an abuse of the legal fictions in ejectment as was here attempted.
PER CURIAM. Ordered to be certified accordingly.
Cited: Skipper v. Lennox, 44 N.C. 190; Elliott v. Newbold. 51 N.C. 10;McLennan v. McLeod, 70 N.C. 367.